1  ~~DAVID L. ANDERSON (CABN 149604)~~ STEPHANIE M. HINDS (CABN 154284)
   United States Attorney

2  ~~SARA WINSLOW (DCBN 457643)~~ MICHELLE LO (NYBN 4325163)
3  Assistant United States Attorney
   Chief, Civil Division
4

5  ~~CYNTHIA L. STIER (DCBN 423256)~~ SHIWON CHOE (CABN 320041)
   Assistant United States Attorney
6

7  450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-~~7000~~ 6967
8  FAX: (415) 436-~~7009~~ 6748

9  Attorneys for the United States of America

10

11                     UNITED STATES DISTRICT COURT

12                    NORTHERN DISTRICT OF CALIFORNIA

13                            OAKLAND DIVISION

14

15 | UNITED STATES OF AMERICA,       ) Case No. 4:18-cv-05293-HSG
                                     )
16 |     Plaintiff,                  )
                                     )
17 |   v.                            ) STIPULATED JUDGMENT
                                     ) FOR PERMANENT INJUNCTION
18 | MEDIA RIGHTS TECHNOLOGIES and   )
   | HANK RISAN,                     )
19 |                                 )
   |     Defendants.                 )
20 |                                 )
                                     )
21 |                                 )

22        The United States of America, and defendants, Media Rights Technologies (MRT), and Hank

23 Risan, by and through their respective counsel, stipulate and agree as follows:

24        That a permanent injunction pursuant to 26 U.S.C. § 7402, be entered against defendants,

25 Media Rights Technologies, and Hank Risan, as follows:

26        1.     Prohibiting Defendants, individually and doing business under any other name or

27 using any other non-MRT entity, and their representatives, partners, agents, servants, employees,

28

                                              1

attorneys, and anyone in active concert or participation with them, from failing to pay over to the IRS all employment taxes, including federal income tax withholding, FICA taxes, and FUTA taxes required by law;

2. Requiring MRT to timely file all employment tax returns with the IRS, or at such other location as the IRS may deem appropriate;

3. Requiring MRT to deposit withheld FICA taxes, as well as MRT's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

4. Requiring MRT, and those individuals at MRT responsible for carrying out the duties established under paragraphs (2) and (3) above, for a period of five years, to sign and deliver affidavits to the Revenue Officer, or such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the requisite withheld income, and FICA tax deposits were timely made;

5. Requiring MRT to timely pay all required outstanding liabilities due on each return required to be filed herein;

6. Prohibiting MRT and Hank Risan from assigning any MRT property or making any disbursements to, or for the benefit of, defendant Hank Risan until amounts required to be withheld from wages after the date of this injunction for a given payroll period are, in fact, paid to the IRS, for a period of five years;

7. Prohibiting MRT, Hank Risan, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, for a period of five years, in the event all required outstanding liabilities due on each employment tax return required to be filed going forward from the date of the injunction are not timely paid, from assigning any of MRT's property or rights to property or making any disbursements from MRT's assets before paying the delinquent federal employment taxes and federal income tax withholding due for a given payroll period; and

8. Requiring Defendants to deliver to all of MRT's current employees, current board members, and any former employees employed at any time since January 1, 2018, a copy of the Court's findings and permanent injunction;

9. Requiring Defendants to post and keep posted for five years in one or more

1 | conspicuous place on the MRT business premises where notices to employees are customarily posted, a
2 | copy of this Court's findings and permanent injunction;

3 |     10.    Requiring for a period of five years that MRT and Hank Risan, provide detailed
4 | monthly statements of all financial accounts of MRT;

5 |     11.    Requiring for a period of five years that Defendants notify the IRS within ten (10)
6 | days of any new corporation or company Hank Risan, may come to own, manage, or work for as an
7 | officer or employee; and

8 |     12.    Requiring for a period of five years that Defendants notify the IRS within ten (10)
9 | days if MRT assumes a new name or transfers its employees or business operations to another entity;

10 |     13.    That the Court retain jurisdiction over this case to ensure compliance with this
11 | injunction;

12 |     14.    That the Court authorize the United States to take post-judgment discovery to
13 | ensure compliance with the requested injunction.

|  | |
|---|---|
| | ~~DAVID L. ANDERSON~~ STEPHANIE M. HINDS |
| | United States Attorney |
| _/s/ Betty Williams_ | _s/Shiwon Choe_ |
| BETTY WILLIAMS, ESQ. | ~~CYNTHIA STIER~~ SHIWON CHOE |
| Williams & Associates, P.C. | Assistant United States Attorney |
| 3600 American River Drive, Suite 135 | |
| Sacramento, CA 95864 | Attorneys for United States |
| Attorney for Media Rights Technologies, Inc. and Hank Risan | |

24 |     PURSUANT TO THE STIPULATION OF THE PARTIES HEREIN, IT IS HEREBY
25 | ~~ORDERD~~ ORDERED, ADJUDGED and DECREED:
26 |     1.    The Stipulation between the United States of America, and Hank Risan, is approved.
27 |     2.    A permanent injunction pursuant to 26 U.S.C. § 7402, is HEREBY entered
28 |

against defendants, Media Rights Technologies, and Hank Risan, as follows:

    i.)    Defendants, individually and doing business under any other name or using any other non-MRT entity, and their representatives, partners, agents, servants, employees, attorneys, and anyone in active concert or participation with them, shall not fail to pay over to the IRS all employment taxes, including federal income tax withholding, FICA taxes, and FUTA taxes required by law;

    ii.)    MRT must timely file all employment tax returns with the IRS, or at such other location as the IRS may deem appropriate;

    iii.)    MRT must deposit withheld FICA taxes, as well as MRT's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

    iv.)    MRT, and those individuals at MRT responsible for carrying out the duties established under paragraphs 2 (ii) and (iii) above, for a period of five years, to sign and deliver affidavits to the Revenue Officer, or such other location as the IRS may deem appropriate, on the 1st day of each month, stating that the requisite withheld income, and FICA tax deposits were timely made;

    v.)    MRT is required to timely pay all required outstanding liabilities due on each return required to be filed herein;

    vi.)    MRT and Hank Risan are prohibited from assigning any MRT property or making any disbursements to, or for the benefit of, defendant Hank Risan until amounts required to be withheld from wages after the date of this injunction for a given payroll period are, in fact, paid to the IRS, for a period of five years;

    vii.)    MRT, Hank Risan, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, are prohibited, for a period of five years, in the event all required outstanding liabilities due on each employment tax return required to be filed going forward from the date of the injunction are not timely paid, from assigning any of MRT's property or rights to property or making any disbursements from MRT's assets before paying the delinquent federal employment taxes and federal income tax withholding due for a given payroll period; and

    viii.)    Defendants must deliver to all of MRT's current employees, current board members, and any former employees employed at any time since January 1, 2018, a copy of the Court's

findings and permanent injunction;

ix.) Defendants are to post and keep posted for five years in one or more conspicuous place on the MRT business premises where notices to employees are customarily posted, a copy of this Court's findings and permanent injunction;

x.) Defendants, for a period of five years, must provide detailed monthly statements of all financial accounts of MRT;

xi.) Defendants, for a period of five years must notify the IRS within ten (10) days of any new corporation or company Hank Risan, may come to own, manage, or work for as an officer or employee; and

xii.) Defendants, for a period of five years, must notify the IRS within ten (10) days if MRT assumes a new name or transfers its employees or business operations to another entity;

xiii.) This Court retains jurisdiction over this case to ensure compliance with this injunction;

xiv.) The Court authorizes the United States to take post-judgment discovery to ensure compliance with the requested injunction.

SO ORDERED this 15th day of March, 2023.

_____
HONORABLE HAYWOOD S. GILLIAM, JR.
UNITED STATES DISTRICT JUDGE