UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MEDIA RIGHTS TECHNOLOGIES, INC.,, et al.,<br><br>    Defendants. | Case No. 18-cv-05293-HSG<br><br>**ORDER GRANTING MOTION TO WITHDRAW**<br><br>Re: Dkt. No. 52 |

Pending before the Court is defense counsel's motion to withdraw as counsel of record without substitution. Dkt. No. 52 ("Mot."). The Court finds that this matter is appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons set forth below, the motion is **GRANTED**.

**I.  DISCUSSION**

Ms. Betty J. Williams seeks to withdraw as counsel for Defendants because Defendants have "failed and refused to cooperate with counsel" regarding discovery matters and have "failed to timely pay all fees" associated with representation in these and other cases.  Mot. at 1.

In this district, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civ. L.R. 11-5(a). Moreover, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civ. L.R. 11-5(b).

Withdrawal is also governed by the California Rules of Professional Conduct. *See j2 Glob.*

*Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254PJH, 2009 WL 464768, at *1 (N.D. Cal. Feb. 24, 2009). The rules provide for permissive withdrawal on various grounds, including when "[t]he client ... breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation." CA ST RPC Rule 1.16(b)(5). But an attorney may not withdraw before he or she "has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, such as giving the client sufficient notice to permit the client to retain other counsel, and complying with paragraph (e)." CA ST RPC Rule 1.16(d); *see also* Rule 1.16(e) (regarding the refund of fees and the release of property and papers).

More broadly, courts assessing a motion to withdraw engage in a balancing of the equities, considering such factors as why counsel seeks to withdraw and whether permitting withdrawal may prejudice other litigants, harm the administration of justice, or delay the case's resolution. *See Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (citing cases).

Here, Ms. Williams's request to withdraw satisfies the applicable local rules. She filed this motion on February 16, 2023, providing both Plaintiff and Defendants reasonable notice of her potential withdrawal. The Court is also persuaded that the California Rules of Professional Conduct permit withdrawal in this instance. Ms. Williams represents in her motion that Defendants have been given written notice of counsel's request for withdrawal "and have affirmed they are retaining other counsel." Mot. at 2. Moreover, in balancing the equities, the Court finds that withdrawal is just, and will not cause any undue prejudice or delay. In the exercise of its discretion, the Court thus finds that withdrawal is warranted. The Court directs Ms. Williams to accept service of papers for forwarding to Defendants unless and until Defendants appear by other counsel or pro se. *See* Civ. L.R. 11-5(b). Ms. Williams must also notify Defendants of this condition. *See id.*

//
//
//
//

## II. CONCLUSION

Accordingly, Ms. Williams's motion to withdraw as counsel for Defendants is **GRANTED**, subject to the foregoing conditions.

**IT IS SO ORDERED.**

Dated: 3/15/2023

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge